
FOR THE SOUTHERN DISTRICT OF TEXAS

**Siemens Industry Software**
   **Plaintiff,**
**v.**

**DOES 1-268**
   **Defendant.**

Case No. 4:23-cv-498

**MOTION TO QUASH SUBPOENA, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, MOTION TO DISMISS FOR IMPROPER VENUE, MOTION TO DISMISS FOR MISJOINDER**

Comes now Defendant Doe No. 245 (IP Address 97.93.48.107), and files a Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, Motion to Dismiss for Misjoinder, and Motion to Quash Subpoena.

## Introduction

Plaintiff's Complaint (DE 1, "Compl.") alleges that 268 defendants violated its purported copyrights. After filing the Complaint, Plaintiff moved for leave to conduct expedited discovery under Rule 26(d)(1). (DE 4). Plaintiff issued a Subpoena to Charter Communications ("Charter") wherein the Plaintiff seeks to obtain the identities of over a hundred defendants based on their alleged Internet Protocol ("IP") addresses. Prior to disclosing Doe Defendant's identity to Plaintiff, Charter provided Defendant with notice of the Subpoena. Doe Defendant retained undersigned counsel, and these Motions follow.

## Summary of Argument

- A Motion to Dismiss for improper venue is proper because the plaintiff failed to assert specific factual allegations supporting venue in this jurisdiction.

1

- A Motion to Dismiss for lack of personal jurisdiction is proper because the plaintiff failed to assert specific factual allegations to support personal or general jurisdiction for Defendant Doe No. 245 in this jurisdiction.

- A Motion to Quash Subpoena is proper because the subpoena is unduly burdensome to Defendant Doe No. 245. The subpoena and motion for discovery is overly broad and not narrowly tailored to obtain specific information relating to personal jurisdiction within this jurisdiction.

- A Motion to Dismiss for Misjoinder is proper because the factual allegations do not allege specific facts that the copyright infringement against the defendants' stem from the same transaction or occurrence.

- Thus, we ask the court to enter a protective order and allow Defendant Doe No. 245 to proceed anonymously until the court decides the aforementioned Motions.

## Supporting Factual Allegations from Complaint

The following paragraphs excerpts from the complaint were the supporting factual allegations for Venue and Jurisdiction.

- **Paragraph 5**

*"Venue (and personal jurisdiction) in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, the Defendants may be found in this District and/or a substantial part of the acts of infringement complained of herein may have occurred in this District and/or each Defendant, without consent or permission of the copyright owner, may have purposefully availed themselves of*

*the services of an ISP located in this District to illegally download and/or use copyrighted works owned by the Plaintiff."*

- **Paragraph 17**

*"Plaintiff is informed and believes that each Defendant, without permission or consent of Plaintiff, has used, and continues to use, a computer with an Internet connection to download and/or use certain of the Copyrighted Software. In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and/or distribution. Each Defendant's actions constitute infringement of Plaintiff's copyrights and/or exclusive rights under copyright."*

## MOTIONS

### A. Motion to Dismiss for Improper Venue

1. Venue is proper in (1) a district in which any defendant resides, (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) any district in which any defendant is subject to the Court's personal jurisdiction. 28 U.S.C. § 1391(b). As shown above in the paragraph excerpts, the Plaintiff has failed to allege any specific factual allegations that any defendant resides in this District, or that **any** event or omission giving rise to its claim occurred here.

2. The factual allegation of "*may by found"* is conclusory and is not specific enough to support proper venue for this suit to be brought in the Southern District of Texas. Furthermore, the Plaintiff has failed to assert any factual allegation showing where **any** defendant would be subject to venue and thus, there is no other court in the southern district of Texas or federal district to which this Court can transfer the case Pursuant to § 1406(a).

3. Thus, Thus, the court should dismiss Defendant Doe No. 245 based upon improper venue.

### B. Motion to Dismiss for Lack of Personal Jurisdiction

4. A claim against a defendant over whom the court lacks personal jurisdiction must be dismissed. *John L. Wortham & Son, L.P. v. MBM Advisors, Inc.*, No. 22-2567, 2023 WL 4578797 at *2 (S.D. Tex. May 17, 2023) (citing Fed. R. Civ. P. 12(b)(2)). The plaintiff has the burden of making a *prima facie* showing of personal jurisdiction. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Personal jurisdiction can be "general" or "specific." General jurisdiction requires "substantial, continuous, and systematic contact" with the forum state. *Id*. Specific jurisdiction exists when a cause of action grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

5. Here, the factual allegations above do not allege that any of the DOE Defendants copyright infringement acts grew out of any contact between the DOE Defendants and the Southern District of Texas. Additionally, the complaint nor the motion for discovery is narrowly tailored to specific information (name, address, and contact information for the DOE defendant) within the Southern District of Texas. Thus, the court should dismiss Defendant Doe No. 245 based upon lack of personal jurisdiction.

### C. Motion to Dismiss for Misjoinder

6. Misjoinder is the improper joining of parties in a cause of action. Federal Rule of Civil Procedure 20(a) permits "joinder"--the joining together of more than one party--if the plaintiff's claim "aris[es] out of the same transaction . . . and if any question of law or fact common to all defendants will arise in the action."

7. Misjoinder, on the other hand, occurs when there is no common question of law or fact or when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.

8. Misjoinder is governed by Rule 21, which reads:

*"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party maybe severed and proceeded with separately.*

*To remedy misjoinder, then, a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped "on such terms as are just"; or (2) any claims against misjoined parties "may be severed and proceeded with separately."* Fed. R. Civ. P. 21.

*9.* When a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice. *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1068 (3d Cir. 1979); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011-12 (7th Cir. 2000) (Posner, J.). When that occurs, the "statute of limitations is not tolled" because we treat the initial complaint "as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal quotation marks omitted). But when a court "severs" a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999);*Elmore*, 227 F.3d at 1012. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period. *Id.*

10. Here, the plaintiff fails to allege any factual allegations showing that the events of the copyright infringement between the defendants arose out of the same transaction. Thus, the court should dismiss Defendant Doe No. 245. Alternatively, the court should sever Defendant Doe No. 245 claim.

D. **Motion to Quash Subpoena**

11. Pursuant to FRCP 45 (d) 3xx Defendant Doe No. 245 objects to the subpoena because it subjects Defendant Doe No. 245 to undue burden. A pre-discovery subpoena must be narrowly tailored to support personal jurisdiction. See *AF Holdings, LLC v. Doe*, 752 F.3d 990, 996, 410 U.S. App. D.C. 41, 47, 2014 U.S. App. LEXIS 9690, *13-16, 110 U.S.P.Q.2D (BNA) 1838, 1842-1843, Copy. L. Rep. (CCH) P30,610, 88 Fed. R. Serv. 3d (Callaghan) 828, 2014 WL 2178839.

12. The court noted AF Holdings "*has made absolutely no effort to limit its suit or its discovery efforts to those defendants who might live or have downloaded Popular Demand in the District of Columbia. Instead, it sought to subpoena Internet service providers that provide no service at all in the District. As Duffy reluctantly conceded at oral argument, AF Holdings could have no legitimate reason for objecting to the court's quashing the subpoenas directed at these providers. Oral Arg. Rec. 33:00-04. Even for those providers that do serve the District of Columbia, AF Holdings's discovery demands were overbroad because it made no attempt to limit its inquiry to those subscribers who might actually be located in the District. It could have easily done so using what are known as geolocation services, which enable anyone to estimate the location of Internet users based on their IP addresses.*" Id

13. The court further stated *"[G]iven AF Holdings's failure to take even these minimal steps, we cannot escape the conclusion that it sought the vast majority of this information for reasons unrelated to its pursuit of this particular lawsuit. See Oppenheimer, 437 U.S. at 352 n.17 ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information." Id*

14. As in *AF Holdings* the Plaintiff did not have a good faith belief that its pre-conference discovery is relevant to gather jurisdictional information of the unknown defendants. Additionally, the identity of prospective defendants who cannot properly be sued in this district can be of little use in a lawsuit brought in this district.

15. Alternatively, if the court cannot quash the subpoena, then Defendant Doe No. 245 requests that the court enter a protective order and further allows Defendant Doe No. 245 to appear anonymously until the motions are properly ruled on by the court.

## **CONCLUSION**

16. For all of the foregoing reasons, Defendant Doe No. 245 (IP Address 65.29.81.166) respectfully requests that the Court Quash the Charter Subpoena as to Defendant. The Defendant has presented evidence supporting the dismissal of this cause of action based upon a Motion to Dismiss for Improper Venue, a Motion to Dismiss for Lack of Personal Jurisdiction, and a Motion to Dismiss for Improper Joinder.

17. Alternatively, Defendant Doe No. 245 requests that he/she appear anonymously until the Court Rules on the aforementioned Motions or as such time as the Rule 26f conference is held and an adequate protective order is put in place by the Court in this matter.

Dated: October 1, 2023

Respectfully submitted:

__/s/Delphine James/s/_____

Delphine M. James
Texas Bar Number 24010129
Delphine M. James, Attorney At Law
2616 South Loop West Suite 415
Email: dmjamesjd@aol.com
Houston, TX  77054
(713)-661-4144
(Fax) 713-661-4145
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 1, 2023, the foregoing was filed electronically with the Clerk of the Court via the CM/ECF system, which will deliver electronic notification to all registered counsel of record.

*/s/ Delphine James*

Delphine James

Robert R. Riddle – Lead Attorney
Texas Bar No.  24035495
SD Bar No. 1553007

Robert R. Riddle – Lead Attorney
Texas Bar No.  24109916
SD Bar No. 3352401

Reed Smith, LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
rriddle@reedsmith.com
kgeldmacher@reedsmith.com

(telephone) 713-469-3800
(facsimile) 713-469-3899